# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON

| | |
|---|---|
| RONALD LEE MYNHIER, | CIVIL ACTION NO. 5:13-49-KKC |
| Plaintiff, | |
| V. | **OPINION & ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

*** *** ***

The plaintiff, Ronald Lee Mynhier, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for a period of disability and disability insurance benefits. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## FACTUAL AND PROCEDURAL BACKGROUND

Mynhier filed his claim for benefits on December 14, 2009, alleging a disability beginning December 1, 2007. His claim was denied initially on June 8, 2010, and again upon reconsideration on August 31, 2010. He then filed a written request for a hearing before an Administrative Law Judge ("ALJ"). After the hearing, the ALJ issued an unfavorable decision on November 21, 2011.

At the time of the alleged onset of disability, Mynhier was 47 seven years old and has a ninth-grade education. (AR 271). He claims to be totally disabled due to epilepsy and herniated discs in his spine. (AR 270). In the past Mynhier worked as a laborer for a mowing company and on a farm. (AR 272). He complains suffering from three to four

seizures a month due to his epilepsy (AR 42) and experiences constant back and neck pain as a result of a work-related accident (AR 43–44). Myhnier is able to perform tasks related to personal care, including preparing food, shopping for groceries, doing laundry, vacuuming, and visiting family. (AR 295–98).

In determining whether a claimant has a compensable disability under the Social Security Act (the "Act"), the regulations provide a five-step sequential process which the ALJ must follow. 20 C.F.R. § 404.1520(a)–(e); *see Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1) If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2) If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3) If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5) Even if the claimant's impairment does prevent her from doing past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Id.*

The burden of proof is on the claimant through the first four steps of the process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the ALJ reaches the fifth step without finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

In this case, the ALJ began his analysis at step one by determining that the claimant has not engaged in gainful activity since December 14, 2009, the application date. (AR 13). At step two, the ALJ determined that Mynhier suffers from the following severe impairments: degenerative disc disease and a seizure disorder. (AR 13). In the third step, the ALJ found the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 14). Specifically, the ALJ considered whether Mynhier met the criteria of Listing 1.00, Musculoskeletal System and Listing 11.02 Epilepsy—convulsive and 11.03 Epilepsy—non-convulsive and found that he does not. (AR 13).

At step four, the ALJ found that based on consideration of the entire record including all medically determinable evidence, Mynhier "has a residual functional capacity to perform work that does not require: exertion above the light level (20 C.F.R. 416.967(b)); or more than occasional climbing, balancing, stooping, kneeling, crouching or crawling; or exposure to hazards, such as heights, dangerous machinery, or driving." (AR 14). The ALJ found that "[t]he claimant's back pain reasonably may be expected to limit him, but the treatment and

examination records do not establish documented conditions that would prevent the limited range of light exertion specified here." (AR 15). Because "[t]he vocational expert testified that the claimant's past work required heavy exertion," the ALJ found that Mynhier is unable to perform past work. (AR 16).

Finally, at step five, the ALJ concluded that there are other jobs that exist in significant numbers in the national economy that the claimant can perform. (AR 16). This conclusion was based on consideration of the claimant's age, education, work experience, and residual functional capacity as well as the testimony of the vocational expert. (AR 16–17).

The Appeals Commission subsequently denied Mynhier's request for review on January 11, 2013. Mynhier has exhausted his administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made by proper legal standards. *See Cullip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the Court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the Court might have decided the case

differently. *See Her*, 203 F.3d at 389–90. However, the Court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## ANALYSIS

On appeal, Mynhier raises two arguments as to why the ALJ's decision was not supported by substantial evidence, both of which aim at whether he can engage in any type of gainful employment. First, Mynhier contends that in determining his residual functional capacity at step four the ALJ "abused his discretion by failing to state specific reasons for rejecting a non-examining medical consultants [sic] opinion as to residual functional capacity, and failed to develop the record further regarding residual functional capacity." (DE 11-1, at 12). Second, Mynhier argues that the ALJ "failed to develop the record concerning whether the claimant met a Listing." (DE 11-1, at 15).

The Court turns first to the ALJ's decision to reject the opinion of non-examining medical consultant Dr. Saranga with regard to the assessment that Mynhier's reaching ability is limited. Naushad Haziq, M.D., conducted a consultative examination of the claimant on March 9, 2010. During this examination he found a mild limitation of movement along with pain and tenderness in the spine. (AR 341). He also found pain and moderate limitation in the knees. (AR 15). However, in examining Mynhier's extremities and arms, he found that strength was full and there were no range of motion limitations. (AR 342). Nothing in his report indicates that Mynhier had limited range of motion for overhead reaching. (AR 340–42). Dr. Haziq's examination records were reviewed by a non-examining state agency consultant, P. Saranga, M.D., who found—among other things—that Mynhier had limited reaching due to frequent pain during overhead reaching a limited range of motion. (AR 373). Although adopting almost all of Dr. Saranga's findings, the ALJ

5

rejected the finding that Mynhier had limited reaching because the ALJ did not find this conclusion supported by Dr. Haziq's examination. (AR 15).

This Court finds that the ALJ's conclusion to reject Dr. Saranga's finding regarding Mynhier's reaching limitation is supported by substantial evidence. Because Dr. Saranga is a non-treating and non-examining medical source, his opinion is not entitled to any deference by the ALJ. *See Smith v. Comm'r of Soc. Sec.*, 482 F3d 873, 876 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). Moreover, the ALJ weighs medical opinions based on a variety of factors, among which is whether the opinion is consistent with the record as a whole. *See* 20 C.F.R. § 416.927(c). To the extent that a medical opinion such as Dr. Saranga's is not supported by objective medical evidence or inconsistent with the record, the ALJ is not bound by it. *See* 20 C.F.R. § 416.927(c); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390–91 (6th Cir. 2004). Here, the ALJ examined the opinions of Dr. Saranga when determining Mynhier's residual functional capacity and adopted almost all of them. However, when examining the finding regarding Mynhier's reaching ability, the ALJ determined it was not based on the objective medical evidence in Dr. Haziq's examination. On review of Dr. Haziq's examination records, which indicates that Mynhier had no range of movement limitations with his extremities, this Court finds that the ALJ's determination was supported by substantial evidence.

To the extent that Mynhier contends that the ALJ did not properly address the reason Dr. Saranga gave for making the limited-reaching finding, Mynhier's argument is in error. Dr. Saranga found that Mynhier's reaching was limited due to frequent overhead reaching with pain and limited range of motion. The ALJ addressed this finding when he stated that Dr. Saranga's conclusion has no basis in Dr. Haziq's examination, and as stated above, this conclusion is supported by substantial evidence.

6

Moreover, the ALJ did not err on this issue by failing to develop the record by ordering another consultative exam. Although the ALJ has a "basic obligation to develop a full and fair record," it is not his responsibility to act as the claimant's counsel or produce evidence for the claimant. *Born v. Sec. of Health & Human Servs.*, 923 F.3d 1168, 1172 (6th Cir. 1990). "An ALJ has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary." *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) (citing 20 C.F.R. §§ 404.1517, 416.917). In this case, Mynhier provided no basis for requiring that the ALJ order another consultative examination on top of the one performed by Dr. Haziq. As the ALJ noted, Dr. Haziq's consultative examination did not support a finding that his reaching was limited. When there is already sufficient evidence on the record for the ALJ to evaluate the claimant's condition, the ALJ does not abuse his discretion by failing to order additional consultative examinations. *See Foster*, 279 F.3d at 356. For these reasons, the Court finds that the ALJ did not abuse his discretion in failing to order additional consultative exams, and his rejection of Dr. Saranga's conclusion regarding Mynhier's reaching ability was supported by substantial evidence.

The second argument Mynhier advances is that the ALJ failed to develop the record concerning whether the claimant met a Listing. Mynhier was diagnosed with seizures as a child, and as noted above, the ALJ found that he suffers from the severe impairment of seizure disorder. (AR 13) But in considering whether Mynhier's impairment or combination of impairments meets or medically equals the severity of one of the listed impairments, the ALJ concluded that it does not. (AR 14–15). Specifically, the ALJ looked at two seizure-related listings: impairments 11.02, Epilepsy—convulsive, and 11.03, Epilepsy—non-convulsive. The ALJ noted that "[b]oth listings required a detailed description of seizure

7

activity," and found that the evidence in Mynhier's case falls short of meeting the requirements. (AR 14).

In making this finding, the ALJ reviewed the medical examination of Dr. Haziq. The neurological examination was normal and his report indicated no signs of seizures. The only aspect of Dr. Haziq's report supporting Mynhier's seizure disorder diagnosis was Mynhier's statements concerning his medical history. The ALJ also considered the report of Dr. Brackett, a consultative examiner provided by the claimant, who "did not mention seizures in his report." (AR 14). Finally, the ALJ took testimony from the claimant himself, who testified that "he had had a seizure two weeks earlier and that he had seizures three or four times a month, followed by migraine headaches that could require him to stay in bed for two or three days." (AR 14; 42).

Both 11.02 and 11.03 require a detailed description of a typical seizure pattern. Listing 11.02 requires seizure frequencies of more than monthly in spite of at least three months of prescribed treatment, and listing 11.03 requires a frequency of more than weekly in spite of at least three months of prescribed treatment. By the claimant's own testimony, then, he would not meet the criteria of Listing 11.03. Moreover, there is no objective medical evidence to support the finding that the claimant meets either Listing. The *only* objective medical evidence that Mynhier points to is his diagnosis as a child. (DE 11-1, at 15). In his motion, Mynhier mistakenly relies on the description of his seizures in Dr. Haziq's report. As noted above, Dr. Haziq's examination did not include any evidence of seizures—the neurological examination produced normal results—and the only indication that Mynhier suffers from a seizure disorder is found where Dr. Haziq recorded Myhnier's personal recollection of his medical history. This was noted by the ALJ, who stated that "Dr. Haziq

included a seizure disorder among his diagnoses, but clearly this was based on the claimant's statements and not on examination or test results." (AR 14).

Mynhier further contends that that ALJ erred because he did not afford [Myhnier's] testimony regarding the seizures full credibility," and failed to provide a reason for not doing so. (DE 11-1, at 16). But as noted above, the ALJ stated clearly that no medical evidence—including Dr. Haziq's consultative examination—supported the finding that Mynhier had seizures sufficient to meet the criteria of the Listings. Mynhier's only medical evidence was provided through records from when he was a child, and the consultative examinations ordered by the ALJ resulted in normal neurological results. Thus, the ALJ's finding that Mynhier does not meet Listing 11.02 or 11.03 is supported by substantial evidence.

Finally, and in congruence with the analysis above, Mynhier is incorrect in his assertion that the ALJ failed to develop the record in finding that he did not meet Listing 11.02 or 11.03. The record in this case contains two consultative examinations, neither of which produced evidence of Mynhier's seizure condition. (AR 338–45; 347–50). Moreover, the claimant's own consultative examination produced a similar lack of evidence. (AR 404–05). With all of this medical evidence in the record, and none of it supporting Mynhier's alleged seizure disorder, the ALJ had no reason to develop the record by ordering further consultative examinations. *See Foster*, 279 F.3d at 354–56. Accordingly, the ALJ did not abuse its discretion by failing to develop the record and the substantial evidence supports his finding that Myhnier does not meet the criteria of Listing 11.02 or 11.03.

* * *

For the reasons stated above, **IT IS ORDERED** that

1. The plaintiff's motion for summary judgment (DE 11) is **DENIED**;

2. The defendant's motion for summary judgment (DE 12) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated this 31st day of March, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY